[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, 54, whose birth name is Roscoe, and the defendant, 54, married on September 4, 1966 in San Francisco, California. The plaintiff has a master's degree in Fine Arts. The defendant has a Ph.D. The parties have two adult children. They moved to Westport, Connecticut in 1979. The defendant was then CT Page 10171 teaching at Hunter College. In 1994 he became a full professor at the annual salary of $72,000. He has been on a leave of absence since September, 1996. The defendant was also on sabbatical for 1993-1994 enabling him to perform consulting work in Taiwan from January until August, 1994. He then returned home for less than one week. The defendant then moved to a rented apartment in Trumbull. The parties have remained separated.
The plaintiff occupies the family home located at 8 Janson Drive, Westport which she values at $425,000. The defendant's value is $5,000 less. It is subject to a first mortgage of about $138,000 and a second mortgage of about $30,000. The junior mortgage was obtained in June, 1994. The proceeds were applied to car and credit card debt of $12,000 and $18,000 was deposited to the joint account with $5,000 used by the defendant.
The defendant formed a corporation known as Si Am Tech in 1993 and J.A. Jonathan, Inc. Neither has significant value but the defendant has loaned the corporation $40,000 to $50,000 over time.
The defendant is a beneficiary named in a trust created by his parents in June, 1991. The defendant's father died. His mother is alive. The trust instrument created a survivor's trust, a marital trust, and a residuary trust. All the income, together with the power to invade principal, are for the benefit of the surviving spouse. The court concludes that the value of the defendant's interest is speculative and is an expectancy (Plaintiff's Exhibit #5).
The plaintiff is employed by the Westport Arts Center as well as being self employed. Her income is minimal.
Both parties are in good health.
The court concludes that no traumatic event caused the marriage collapse. Their divergent interests, and activities, coupled with the defendant's foreign assignments eroded the marriage to it being beyond repair.
Having reviewed the evidence in light of the applicable case law as well as § 46b-81 and § 46b-82, the court enters the following decree.
1. Judgment is entered dissolving the marriage on the ground CT Page 10172 of irretrievable breakdown, all of the allegations of the complaint being found proven and true.
2. The defendant shall pay to the plaintiff the sum of $3,000 monthly as periodic alimony until the death of either party, the plaintiff's remarriage, or further court order. A contingent wage withholding order is entered.
3. The plaintiff is awarded sole ownership of 8 Janson Drive, Westport, "as is". She shall assume the balance of both mortgages and she shall hold the defendant harmless and indemnified.
4. The defendant is awarded the items of personal property listed on a written stipulation dated July 16, 1997 marked Court Exhibit I, and attached hereto as Appendix A. The remaining contents of the home are awarded to the plaintiff.
5. 50% of the defendant's TIAA/CREF account is assigned to the plaintiff. The court retains jurisdiction to execute any additional documents necessary to effect the transfer including a QDRO.
6. The plaintiff is awarded sole ownership of the 1991 Saab 9000 auto. The defendant shall execute any documents necessary to effect the transfer of his interest.
7. The defendant shall retain his two IRA accounts as his sole property.
8. The Vanguard Index 500 shall be liquidated to satisfy the six joint debts listed on the plaintiff's financial affidavit. Any remaining balance shall be divided equally between the parties.
9. The parties' remaining debts shall be satisfied solely by the party who incurred same.
10. The plaintiff is awarded $7,500 to be paid from the escrow on deposit with the defendant's attorneys as an allowance to prosecute and the remaining balance shall be released to the defendant.
11. The defendant shall maintain life insurance for the benefit of the plaintiff for so long as he remains liable to pay periodic alimony initially in the principal amount of $100,000 CT Page 10173 with the principal to decrease by $10,000 each year until zero remains in force for the plaintiff's benefit.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.
No. FA-96-0151491 S SUPERIOR COURT
NICOLIE LOUSTAV JUDICIAL DISTRICT OF STAMFORD/NORWALK VS. AT STAMFORD
JOHN A. LOUSTAV July 16, 1997
The defendant shall be entitled to the following items of personal property from the family home at 8 Janson Drive, Westport.
1 Brewer chair
1 love seat
1 Chinese porcelain vase
his diplomas
his mother's stem glasses decanter
his aunt's serving dishes gravy boat
formica table
Yosemite photo, Tahoe map
his father's water color
coffee table w/chess board top
bicycle, books
painting by his aunt
father's and grandfather's tools CT Page 10174
coin collection
bookcases, file cabinet chairs belonging to JAL, Inc.